UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DOROTHY SMITH,<br><br>                    Plaintiff,<br><br>    -against-<br><br>BATH & BODY WORKS, LLC,<br><br>                    Defendant. | Case No.: 1:22-cv-03629-JMF |

**STIPULATION AND PROTECTIVE ORDER**

**IT IS HEREBY STIPULATED AND AGREED**, pursuant to the Court's Local Rule 26(c) of the Federal Rules of Civil Procedure Rules, parties' discussion and ~~§ 3103 (a) of the New York Civil Practice Law and Rules~~, that:

1. (a) This Stipulation and Protective Order (the "Protective Order") governs the handling of all documents, testimony and other information, including all copies, excerpts, and summaries thereof (collectively "Material"), produced, given or filed during discovery and other proceedings in this action.

   (b) The provisions of this Protective Order shall apply to (i) the parties in this case and (ii) any other person producing or disclosing Material in this action who agrees to be bound by the terms of this Protective Order. However, nothing herein shall be construed to modify the restriction set out below in Section 3 regarding access to confidential Material. The provisions of this Protective Order shall not apply to any Material which is already in the public domain, provided however, such Material is not placed into the public domain because by the Plaintiff's, Defendants, their counsel,

1

representatives and/or agents by their actions or inactions. (c) As used herein "person" includes the named parties as outlined at 1(b)(i) and (ii) above, and those defined in 3(b) herein who have agreed to be bound by this Protective Order.

2. Any party to this action may designate as "Confidential" any Material produced in the course of discovery proceedings herein only when such designating person in good faith believes that such Material contains sensitive personal information, trade secrets or other confidential or proprietary information that is of such a sensitive nature that disclosure may potentially result in competitive harm, or may potentially damage its business or may potentially damage its financial welfare, or may potentially cause damage to the reputation or standing in the community of the parties, and such Material is not otherwise accessible to the public or already within the public domain, provided however, such Material in the public domain because of Plaintiff's and/or her counsel's, representatives' and/or agents' actions or inaction..

3. Confidential Material shall be subject to the following restrictions:

(a) Confidential Material shall be used only for the purpose of this litigation (including appeals) and not for any business or other purpose whatsoever and shall not be given, shown, made available or communicated in any way to anyone except those to whom it is necessary that such Material be given or shown for the purposes permitted under this paragraph, as set forth in subparagraph (b) below;

(b) Confidential Material shall be disclosed, for the purposes set forth above, only to:

(i) The parties;

(ii) Counsel of record for the parties and employees of counsel;

(iii) The Court (including court reporters, stenographic reporters and court personnel);

(iv) any expert to whom Confidential Material is to be disclosed shall first be advised by the person making the disclosure that, pursuant to this Protective Order, such persons shall not divulge such Material to any other person other than in accordance with this Protective Order. The attorney making the disclosure shall secure from each person a declaration in the form attached as Exhibit A, stating that such person has read the Protective Order and agrees to be bound by it. Further, each person to whom Confidential Material is disclosed must be advised that violation of this Protective Order by said person(s) may constitute contempt of a court order. Such declaration shall be maintained in the possession of the attorneys securing the declaration for the duration such Material is in the possession of such declarant, or pursuant to an agreement of the parties and/or further order of the Court, except that, upon request of opposing counsel in writing, the counsel securing the declaration shall provide a copy of the designation to opposing counsel. Nothing contained herein shall require a party to disclose the report, analysis, notes and/or findings of any person and/or expert who viewed such Confidential Material unless that person/expert is appointed as a fact and/or Expert witness at trial pursuant to the applicable CPLR and/or Court Orders/Rules.

(v) Any other person as to whom the producing person expressly agrees in writing after the name of such person has been disclosed;

(vi) Any person as further ordered by the Court;

(vii) Officers and directors of the parties actually assisting counsel of record or in-house counsel in preparation of this case;

(viii) Outside vendors performing clerical functions, but only for so long as necessary to perform those services;

(ix) witnesses in preparation for and/or during their examination as witnesses at trial or in a deposition, but prior to such use the Party taking the deposition shall make reference to the confidentiality of the Confidential Material; and

(x) All persons that the Parties may agree upon in writing.

(d) Any disclosure of Confidential Material at trial or in any other court proceeding involving this action.

4. Each person given access to Confidential Material pursuant to the terms hereof (other than persons described in paragraph 3(b)(iii), above) shall be advised that (i) the Confidential Material is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms hereof. Before any person (other than persons described in paragraphs 3(b)(ii) or 3(b)(iii), above) is given access to Confidential Material, he/she must also execute the annexed certificate. The signature on this Protective Order of a member of a law firm acting as litigation counsel to a party shall constitute an agreement by all lawyers and employees of that firm to be so bound.

5. Nothing contained herein shall preclude any party and/or non-party from seeking Judicial Intervention to enforce and/or modify the terms and conditions of this Protective Order.

6. Confidential Material shall be designated as follows:

(a) In the case of documents, designation shall be made by placing the legend "CONFIDENTIAL" on the first page of any such document prior to production.

4

 (b) In the case of interrogatory answers, designation shall be made by placing the legend "CONFIDENTIAL" on each page of any answer that contains Confidential Material, and/or an agreement to disclose such information subject to this agreed upon Protective Order.

 (c) In the case of deposition testimony, counsel for the testifying person may designate on the record at the time of the deposition or at any time thereafter those portions of testimony requested to be treated as "Confidential." If applicable, those designated portions, if transcribed, shall be prepared in a separate transcript marked as "Confidential," and, if filed with the Court, shall be filed under seal pursuant to paragraph (c) above.

 (d) All briefs, pleadings or other filings with the Court that incorporate or disclose Confidential Material shall be appropriately labeled on the cover page and filed under seal.

 (e) The Confidential Material will be kept in the custody and care of the persons authorized to receive such Confidential Material under the provisions of Section 3 of this Protective Order.

7. (a) No party concedes that any Material designated by any other person as Confidential Material does in fact contain or reflect sensitive personal information, trade secrets, proprietary or confidential information or has been properly designated as such. Any party may at any time, on reasonable notice, move for

  (i) Modification of this Protective Order, or

(ii) Relief from the provisions of this Protective Order with respect to specific Material. In addition, the parties may agree in writing or on the record to necessary modifications of this Protective Order.

(b) A party shall not be obligated to challenge the propriety of the designation of Material as Confidential Material at the time made, and failure to do so shall not preclude a subsequent challenge thereof. If a party challenges such designation of Material as confidential, it shall send or give notice to the designating person, and they shall attempt to resolve any challenge in good faith on an expedited and informal basis. If the challenge cannot be expeditiously and informally resolved, either the designating person or the challenging party may, on reasonable notice, seek Judicial Intervention from the Court. The Material in issue shall continue to be treated as designated Confidential until written agreement of the parties providing otherwise, or until the Court orders otherwise.

8. This Protective Order, insofar as it restricts the communication and use of Confidential Material, shall continue to be binding throughout and after the conclusion of this litigation, including any appeals.

9. Any Material which was possessed by a receiving party prior to its disclosure by the producing party or comes within the possession of such other party through means not constituting breach of this Protective Order need not be treated as Confidential Material under the terms of this Protective Order.

10. The parties do not waive any rights they may otherwise have by execution of this Protective Order. Nothing in this Protective Order shall prevent any party from seeking modification, or from objecting to discovery that it believes to be improper. This Protective Order is not intended to prevent this Court from entering such other and further

orders that it deems appropriate. This Protective Order is without prejudice to the right of any party to apply for another further order including, but not limited to, a protective order providing greater protection for certain documents or categories of documents and without prejudice to the parties agreeing to any modification thereof.

11. Any non-party producing Material during discovery in the course of litigation, pursuant to subpoena or otherwise may designate its Material in accordance with the terms of this Protective Order.

12. This Protective Order shall be submitted to the Court, with a request that it be executed and filed by the Court, immediately upon execution by the Parties. Prior to approval by the Court, this Protective Order shall be effective as if approved.

13. At the conclusion of this case, counsel for the Plaintiffs shall assemble and return to counsel for Defendant, as soon as reasonably practical, all Confidential Material and any abstracts, summaries, notes or other work product relating to the Confidential Material. Counsel for Plaintiffs shall provide to counsel for Defendant a certificate that all Confidential Material in Plaintiff's Counsel's possession has been delivered to counsel for Defendants. Until so returned, such Confidential Material shall remain subject to this Order.

14. Upon receipt of an executed and "so-ordered" copy of this Protective Order, Defendants shall respond to Plaintiff's Notices to Produce for Discovery and Inspection within ten (10) days.

Dated: New York, New York
       May 23, 2022

IT IS SO ORDERED.

_____
Hon. Jesse M. Furman

May 25, 2022
New York, New York

**AGREED:**

**PEREZ MORRIS LLC**

_____
Mony B.P. Yin, Esq.
140 Broadway, 46th Floor
New York, New York 10005
(845) 634-5694
(845) 634-0917 (fax)
*Attorneys for Defendants*
*BATH & BODY WORKS, LLC*
Myin@perez-morris.com

**LAW OFFICE OF RICHARD M. KENNY**

_____
Richard M. Kenny, Esq.
*Attorney(s) for Plaintiff Dorothy Smith*
875 Avenue of the Americas – Suite 801
New York, NY 10001
(212) 421- 0300
rkenny@rmklaw.com

This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein; therefore, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  *See generally Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal without a prior court order.  *See New York ex rel. Khurana v. Spherion Corp.*, No. 15-CV-6605 (JMF), 2019 WL 3294170 (S.D.N.Y. July 19, 2019).